In re LAURDAN MANAGEMENT CORPORATION.

District Court, S. D. New York.

Jan. 5, 1944.

Asa S. Herzog, of New York City, for trustee.

Emanuel Thebner, of New York City, for petitioning mortgagee-creditor.

MANDELBAUM, District Judge.

The petitioner, Isaac Altman, seeks a review of the referee's order denying his motion to direct the trustee in bankruptcy to turn over certain rents collected by the trustee.

The pertinent facts are as follows: The petitioner-mortgagee commenced a foreclosure action in the Supreme Court, New York County, on August 20, 1942. In lieu of the appointment of a receiver, the petitioner obtained peaceful possession of the various parcels of property covered by the mortgage and on August 21, 1942 an assignment of the rents to Altman was recorded.

Thereafter, the bankrupt was adjudicated as such and a trustee appointed.

On February 16, 1943, the petitioner consented to an order directing him to account for and pay over to the trustee all the rents collected by him or his agent.

Subsequent to this, it appears that Altman told certain of the tenants not to pay the rent to the trustee and thereafter, petitioner consented to the entry of an order, dated June 28, 1943, enjoining him from trespassing on the property.

He now seeks to have the trustee turn over the rents which the trustee collected.

While it is true that up to and until the order of February 16, 1943, the petitioner was a mortgagee in possession, nevertheless by consenting to the order on that date he surrendered possession and waived his right to receive the rents. See Townshend v. Thomson, 139 N.Y. 152, 162, 34 N.E. 891.

The petitioner urges that the principle of the recent case of Emil v. Hanley, 318 U.S. 515, 63 S.Ct. 687, 87 L.Ed. 954, should be applied. That case, however, concerns a receiver appointed by a state court. True it is that a mortgagee in possession has many of the powers possessed by a receiver. Metropolitan Life Ins. Co. v. Childs Co., 230 N.Y. 285, 288, 130 N.E. 295, 14 A.L.R. 658. But it is true also that a mortgagee in possession, unlike a receiver, is not an officer of the court. For this reason, the Hanley case does not apply since the property was not in custodia legis.

The petition to review is denied and the referee's order is affirmed.